UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN PORTER STUBBS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE COLEMAN COMPANY, INC., a foreign corporation; DOES I through XX; and ROE CORPORATIONS I through XX, inclusive,<br><br>Defendants. | Case No. 2:21-cv-02090-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Stephen Porter Stubbs' Countermotion to Amend Discovery Responses filed together with his Opposition to Defendant's Motion for Summary Judgment. ECF No. 19. The Court has considered Plaintiff's Countermotion, the Responses, and the Reply.[1]

**I.   Summary Background Pertinent To The Countermotion To Amend Discovery**.

On March 7, 2022, The Coleman Company (hereinafter "Defendant" or "Coleman") propounded its First Set of Requests for Admissions on Plaintiff. ECF No. 16-8. A review of exhibits and filings relating to the Countermotion to Amend reveals Plaintiff did not respond to these Requests. Plaintiff does not seek leave of court to provide responses now. ECF No. 19 at 10. Defendant served its second set of Requests for Admissions (sometimes the "RFAs") on April 13, 2022. ECF No. 16-10. It is undisputed that the due date for responses to these RFAs was May 13,

---

[1] Defendant argues the Court should deny Plaintiff's Countermotion to Amend because it was improperly filed. ECF No. 22 at 3. That is, Defendant argues that U.S. District Court for the District of Nevada Local Rule IC 2-2(b) required Plaintiff to file his Countermotion to Amend Discovery as a separate event. That is true. However, to deny the Countermotion on this basis alone would elevate form over substance to a degree the Court rejects in this instance. Compliance with Local Rules is important and the Court does not suggest Local Rules can be ignored. But in light of the impact strictly applying Local Rule IC 2-2(b) would have on consideration of the merits of this case, the Court declines to do so here.

1

2022 (a Friday), and responses were not provided by Plaintiff until May 16, 2022 (a Monday).[2] ECF Nos. 19 at 106; 22 at 6.

Defendant relies on the text of Fed. R. Civ. P. 36 and the Court's discretionary powers to argue the Court should find the RFAs admitted. Defendant points out that under the Rule the responses were late and thus may be deemed admitted. Defendant also argues it was prejudiced by Plaintiff's delay and that Plaintiff's overall dilatory conduct with respect to discovery should not be excused. Plaintiff argues that he responded to the RFAs one court-day or three calendar days late, case law supports Plaintiff's request to amend his responses such that the responses will have effect, the RFAs were improper in the first place because they were propounded for an improper purpose, and Defendant suffered no prejudice.

**II.    The Law Applicable To Plaintiff's Request To Amend His Responses to Defendant's Second Set Of RFAs.**

In *Conlon v. U.S.*, 474 F.3d 616 (9th Cir. 2007), the Court of Appeals considered whether the plaintiff should be excused from his failure to timely respond to requests for admissions properly propounded by the government. The plaintiff was advised in the service of the requests that he had thirty days to respond. *Id*. at 619. When the plaintiff failed to respond to the requests, the government sent a letter advising him of the impact of his failure. *Id*. at 620. Thereafter, the government filed a motion for summary judgment three days before the deadline to do so. *Id*. Three days after that, the plaintiff filed a motion seeking to undue his failure to respond while simultaneously serving responses to the request for admissions. *Id*. The plaintiff's motion for relief was denied and the government's motion for summary judgment was granted. *Id*. at 621. On appeal, the court considered whether the district court's denial of the plaintiff's motion for relief and grant of summary judgment should be reversed. *Id*.

The Ninth Circuit recognized the "permissive, not mandatory" language in Fed. R. Civ. P. 36(b) finding "[t]he rule permits the district court to exercise its discretion to grant relief from an

---

[2] Plaintiff's Countermotion does not technically seek to amend responses provided to Defendant's second set of RFAs. Rather, Plaintiff seeks an order allowing the responses provided three calendar days (or one court day) late to be deemed timely submitted. Plaintiff's request, if granted, impacts the Motion for Summary Judgment filed by Defendant because Defendant argues summary judgment should be granted in its favor and against Plaintiff relying, in part, on the second set of RFAs being deemed admitted.

1 admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be
2 subserved, and (2) the party who obtained the admissions fails to satisfy the court that withdrawal
3 or amendment will prejudice that party in maintaining the action or defense on the merits." *Id*.
4 (internal citations and quote marks omitted). The Ninth Circuit stated that requests for admissions
5 "serve two important goals: truth-seeking … and efficiency in dispensing justice." *Id*. at 622
6 (citation omitted). The court warned that admission requests should not be used toward the goal of
7 simply obtaining concessions to essential elements of a claim. *Id*. (citation omitted).

8         The court applied a two part test for determining whether a "court may excuse a party from
9 its deemed admissions" that includes "when (1) the presentation of the merits will be aided *and* (2)
10 no prejudice to the party obtaining the admission will result." *Id*. (case citation omitted, but relying
11 on Fed. R. Civ. P. 36(b)). Because summary judgment was granted based on the deemed admissions,
12 and "upholding the deemed admissions eliminated any need for a presentation on the merits," the
13 Court found the first prong of the two part test satisfied by the plaintiff. *Id*. The question of prejudice
14 required a more detailed analysis.

15         "When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the
16 prejudice that the nonmoving party would suffer at trial." *Id*. at 623 *citing*, *inter alia*, two Tenth
17 Circuit cases and one Eighth Circuit case including: *Raiser v. Utah County*, 409 F.3d 1243, 1247
18 (10th Cir. 2005) ("finding no prejudice when the nonmoving party had relied on the deemed
19 admissions for only a two-week period in preparing its summary judgment motion"); *Kirtley v.*
20 *Sovereign Life Ins. Co.* (*In re Durability, Inc.*), 212 F.3d 551, 556 (10th Cir. 2000) ("holding
21 categorically that preparing a summary judgment motion by relying on admissions does not
22 constitute prejudice"); and *RDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) ("same"). Noting the
23 decision by the Eighth and Tenth Circuits, the court in *Conlon* found the failure to do discovery
24 based on an opposing party's failure to respond to request for admissions, leading to facts deemed
25 admitted, "without more," was not prejudicial. *Id*. at 624 (citation omitted). The court stated that
26 "[t]he district court could have reopened the discovery period," and that "prejudice must relate to
27 the difficulty a party may face in providing its case at trial." *Id*. (citations omitted); *see also Sonoda*
28 *v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001) (prejudice is not demonstrated simply because "the

party who obtained the admissions will now have to convince the factfinder of the truth; rather it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay") (citation omitted).

**III.     Granting Plaintiff's Motion Will Aid In Presentation Of The Merits And Prejudice To Defendant Will Not Result.**

Here, Coleman filed its Motion for Summary Judgment three days after the responses to its second set of RFAs were received on May 16, 2022 (*see* ECF No. 16 filed on May 19, 2022), which itself was three calendar days (or one court day) after the responses were due.  That is, the responses to Defendant's RFAs were due May 13, the responses were received May 16, and the Motion for Summary Judgment was filed on May 19, 2022.  At the time Coleman filed its Motion for Summary Judgment, discovery was not closed.  In fact, the close of discovery is October 7, 2022.  ECF No. 11 at 9.  The deadline for filing dispositive motions is December 7, 2022.  *Id*.  Thus, when Plaintiff responded to Defendant's second set of RFAs on May 16, instead of May 13, 2022, Defendant had four and one-half months left within which to conduct discovery without seeking an extension of time.  Defendant also was not facing a trial date, which still is not set in this matter.

Coleman argues the prejudice in this case arises not only from the late responses to the second set of RFAs, but also because "[i]f this Court were to withdraw the deemed admissions, Plaintiff would be unjustifiably rewarded when he has failed to act diligently in virtually every aspect of discovery … causing prejudice to Coleman's ability to marshal its defense."  ECF No. 22 at 7.  Defendant cites to numerous examples of Plaintiff's discovery failures; however, Defendant does not provide evidence of efforts to resolve these failures (except one related to medical releases), has not filed a motion to compel Plaintiff's compliance with discovery, and did not otherwise bring any concern regarding Plaintiff's discovery conduct to the Court's attention prior to raising the issue in response to Plaintiff's Countermotion.

Nevertheless, Defendant details Plaintiff's failures regarding discovery on pages 7 through 12 of its Opposition to Plaintiff's Countermotion.  ECF No. 22 at 7-12.  By way of example, Plaintiff has not responded to interrogatories and document requests served in March 2022.  *Id*. at 8-9.  Defendant makes the same allegation regarding medical releases sent in February 2022.  *Id*. at 10.

Defendant offers nothing to show it followed up with Plaintiff regarding his failure to respond to written discovery (*id*. at 8-9), and only acted on the failure to provide the medical releases once they were returned by Plaintiff in an alternate form on May 16, 2022. *Id*. at 10. Defendant's request for an IME date was sent to Plaintiff on May 10, 2022, and its request for school records was sent to Plaintiff on May 17, 2022. *Id.* at 10-11. These requests were made shortly before the parties entered into a stipulation to stay discovery. ECF No. 17.

Defendant says that when Plaintiff failed to respond to discovery it "had no choice other than to rely on the deemed admissions." *Id*. at 9. At minimum, the Court finds this statement inaccurate given that discovery does not close until October. Defendant could have sought compliance from Plaintiff beyond sending a few emails in follow up.[3] Indeed, as indicated above, Defendant did not engage in meet and confers regarding Plaintiff's failures with the exception of a single teleconference regarding medical releases after releases (albeit unacceptable releases) were received.

Defendant has not filed a single motion to compel responses to propounded discovery or releases sent to Plaintiff. With respect to the discovery requests propounded in February and March 2022, Defendant cannot sit back for months and do nothing only to then use Plaintiff's failure as a basis to deny amendment to responses to RFAs provided one court day (three calendar days) late.[4] And, with respect to the requests first made by Defendant on May 10 and 17, the stipulation to stay discovery was filed on May 20, 2022. ECF Nos. 17, 22-13. Hence, Plaintiff's failure to respond to the request made in May do not support Defendant's claim of dilatory conduct.

The Court also finds Defendant's reliance on *S.E.C. v. Global Express Capital Real Estate Inv. Fund, 1, LLC*, 289 Fed.Appx. 183 (9th Cir. 2008) to support its claim of prejudice is misplaced. Unlike the case at bar, the *Global Express* party seeking to withdraw admissions filed her motion more than three months after written discovery had closed. *Id*. at 191. The district court found the moving party lacked good cause for her three month delay and that the "delay was part of her manipulative approach to the litigation and her abuse of the privilege against self-incrimination."

---

[3]  Defendant's emails to Plaintiff do not satisfy the requirements of the U.S. District Court for the District of Nevada Local meet and confer Rules. *See* LR IA 1-3(f).

[4]  *See United States ex rel. Dahlstrom v. Sauk-Suiattle Indian Tribe of Washington*, Case No. C16-0052 JLR, 2019, WL 6052646, at *7 n.6 (W.D. Wash. Nov. 15, 2019).

*Id*. Whether Plaintiff's discovery failures, other than the late responses to Defendant's second set of RFPs, are part of a "manipulative approach" to this litigation is debatable. Plaintiff explains that his failures were due to "miscommunication" in his office and that he was preparing responses to "initial discovery" when a stay of discovery was agreed upon. ECF No. 23 at 5. Plaintiff further contends that he will respond to discovery once the stay of discovery is lifted. *Id*. With respect to the inspection sought by Defendant, Plaintiff states he advised Defendant that some of the items Defendant sought to inspect were in California before the inspection occurred. *Id*.

While the Court finds Plaintiff's excuses with respect to discovery propounded in February and March lack merit, the Court also finds Defendant could have raised Plaintiff's failure long before Defendant responded to Plaintiff's instant motion. The same is true for the medical releases, concerns over which appear to be substantively resolved (although Plaintiff did not provide the updated releases before the stipulation to stay discovery was filed). ECF No. 22 at 10. Defendant allowed Plaintiff's failure to participate in these aspects of discovery without repercussion for months without alerting the Court—that is, until the instant Countermotion was filed. The Court is hard pressed to find prejudice based on Plaintiff's past practices when Defendant apparently did not find them sufficiently concerning to hold a meet and confer let alone file a motion to compel.

The Court finds the first prong for excusing Plaintiff from his deemed admissions is met. Allowing Plaintiff to "amend" his late responses to Defendant's second set of RFAs to include the responses ultimately provided will aid in the presentation of the merits of this case. The second prong is a closer call, but the Court finds Defendant fails to demonstrate prejudice. In sum, the Court finds Plaintiff's past failures do not support the conclusion that responses to RFAs provided one court day (three calendar days) late, *before* the Motion for Summary Judgment was filed, and long before the deadline for filing dispositive motions had run, prejudiced Defendant's ability to defend this case at trial. Defendant presented nothing to support such a conclusion.

More specifically, the one or three day delay in May 2022, depending on whether court or calendar days are counted, was not prejudicial in light of the fact that discovery closes in October and the dispositive motion deadline is in December 2022. Thus, the late admission responses were subject to further discovery through depositions, interrogatories, and document requests. That

Defendant chose to stipulate to a stay of discovery and file an early motion for summary judgment does not demonstrate prejudice. Defendant does not contend, and therefore has not demonstrated, that Plaintiff's late responses prevents it from access to key witnesses or other evidence. That Defendant may now have to prove elements of its defense it otherwise might not have had to prove is not prejudice. There is no evidence of any actual prejudice that arises from Plaintiff's responses to Defendant's second set of RFAs other than the request for admissions no longer being admitted.

**IV.   Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that portion of Plaintiff's filing at ECF No. 19 pertaining to the Countermotion to Amend Discovery Responses is GRANTED.

Dated this 26th day of August, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE